Eastern District of Kentucky
F I L E D
NOV 17 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-76-JBC

SHIRLEY MOORE,     PLAINTIFF

V.     **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
  Social Security Administration,     DEFENDANT

\* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Shirley Moore, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g), for judicial review of the Commissioner's decision that based on her application for disability insurance (DIB) benefits filed on August 18, 1998, she was not disabled.

This matter is before the court on cross-motions for summary judgment. [DE ##4, 5].

By Order of August 18, 2006, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

### A. Prior DIB application

On August 18, 1998, plaintiff filed a DIB application, alleging that she became disabled on November 8, 1996, due to fibromyalgia, inner ear problems, ulcers, mitral valve prolapse, high blood pressure, and status-post right wrist fracture. (Tr. 430). Plaintiff has an twelfth-grade education and has past relevant work experience as a bartender and a sales representative in a department store. Plaintiff's first DIB application proceeded to an ALJ hearing. On June 16, 2000, ALJ John M. Lawrence found that plaintiff was able to return to her past relevant work (PRW) as a sales representative; therefore, she was not disabled. (Tr. 17-26).

Ultimately, plaintiff filed an action for judicial review of the Commissioner's final decision denying her DIB claim. On August 1, 2002, on the Commissioner's motion to remand, the district court remanded that action to the Commissioner for further consideration of the requirements of plaintiff's past work. (Tr. 449).

**B.     Present DIB application**

On November 3, 2000, during the pendency of plaintiff's first DIB application, plaintiff filed a second DIB application, alleging an onset date of June 17, 2000, due to lower and middle back pain, neck pain, chronic fatigue, stiff hands and severe pain throughout her whole body. (Tr. 430). This application was denied initially and on reconsideration, resulting in an ALJ hearing. However, before the ALJ had issued a decision on that application, the Commissioner received the remand order by the district court concerning plaintiff's first DIB application. By Order of October 10, 2002, the Appeals Council ordered that plaintiff's first and second DIB applications be consolidated. (Tr. 446-448).

Subsequently, on January 16, 2003, another ALJ hearing was held on the consolidated DIB claims. On February 25, 2003, ALJ Judith Showalter found that plaintiff had not been disabled at any time through the date of that decision; therefore, she was not entitled to disability benefits. (Tr. 429-437). Thereafter, on March 8, 2006, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 415-18), resulting in the filing of this action for judicial review of the Commissioner's decision.

Summarizing the ALJ's findings, the ALJ found that (1) claimant's insured status expired on December 31, 2001; (2) claimant has not engaged in substantial gainful activity since her alleged onset date, (3) claimant has an impairment or a combination of impairments considered to be "severe" impairments, based on 20 C.F.R. § 404.1520(b); however, these medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4; (4) claimant's allegations concerning her limitations are not totally credible; (5) claimant is unable to perform any of her past relevant work (PRW); (6) claimant has the residual

2

functional capacity (RFC) to perform a significant range of light work, with certain restrictions; (7) although claimant's exertional limitations do not permit her to perform the full range of light work, using Medical-Vocational Rule 202.14 and 202.21 as a framework for decision-making, and based on vocational expert testimony, there is a significant number of jobs in the national economy that claimant can perform at the light level of exertion, such as office clerk, counter clerk, retail sales, cashier, benchworker, and assembler; and (8) claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, February 23, 2005. (429-437).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

### IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of her motion for summary judgment, plaintiff asserts that the ALJ erred by failing to comply with 20 CFR § 404.1513(d)(4) in respect to the third party adult function report completed by plaintiff's niece, Sabrina Hall, who has known plaintiff for thirty-four (34) years. Plaintiff asserts that since the ALJ did not indicate in her decision that the foregoing lay witness

3

statement was considered by the ALJ in reaching her decision, the ALJ's decision is not supported by substantial evidence.

In response, the defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

## Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decision, the medical evidence of record, and the transcripts of the ALJ hearings.

## ACTIVITIES OF DAILY LIVING - 3RD PARTY REPORT

The administrative record contains an Activities of Daily Living - 3rd Party Report completed by plaintiff's niece, Sabrina Hall, dated May 13, 2001. (Tr. 560-63). Plaintiff asserts that the following excerpt from that report is relevant, in that it supports plaintiff's testimony concerning her subjective complaints and related functional limitations:

> My aunt Shirley used to be very active and social but now she rarely does anything and hardly ever socializes compared to before. She has a very hard time doing anything since she broke her wrist. [S]he used to do oil paintings and a lot of flower work but isn't able to now. She even has a hard time writing or holding something in her hand for a long period of time. Shirley gets tired and nervous a lot if people are around her for a short period of time. Being in a crowd really gets to her.
> She seems depressed and worried about something most of the time and you rarely ever see her laugh[.] There is no way that she could keep house by herself[.] she [sic] needs help on a daily basis doing normal chores. Most of her days are spent laying around and resting as she doesn't feel like doing anything else.

(Tr. 563).

Plaintiff argues that in compliance with 20 CFR § 404.1513(d)(4), the foregoing statement by plaintiff's niece should have been considered by the ALJ in making her decision. In support of this argument, plaintiff relies on the following statement in *Lashley v. Secretary of Health & Human Services*, 708 F.2d 1048, 1054 (6th Cir. 1983):

> The ALJ also erred in failing to give proper consideration to the lay testimony in the record. Perceptible weight must be given to lay

4

>testimony where, as here, it is fully supported by the reports of the treating physicians.

708 F.2d at 1054.

Nevertheless, plaintiff acknowledges that in *Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1988), the Sixth Circuit held that the Appeals Council did not err by failing to "spell out" in its decision the weight that it gave to the lay witness testimony of the Plaintiff's husband where the Appeals Council stated that it "considered the entire record which was before the administrative law judge, including the testimony at the hearing." *Id.* However, plaintiff submits that it does not appear that the Sixth Circuit has considered the matter of an ALJ's compliance with 20 CFR § 404.1513(d)(4) subsequent to the clarification made to that regulation on June 1, 2000. Plaintiff impliedly argues that in view of said clarification, the ALJ erred by failing to "spell out" in her decision the weight she gave to the statement of plaintiff's niece, Sabrina Hall, contained in the Activities of Daily Living - 3rd Party Report.

The Magistrate Judge is unpersuaded by plaintiff's argument that the ALJ failed to comply with 20 CFR § 404.1513(d)(4) as there is no indication in the record to suggest that the ALJ did *not* consider the statement by plaintiff's niece in the third party report at issue. In essence, plaintiff's argument appears to be based solely on the fact that the ALJ did not specifically discuss in detail the statement made by plaintiff's niece. However, in her decision, the ALJ clearly states that she had reviewed "all of the evidence of record" when making her decision. (Tr. 430). Thus, simply because the ALJ did not single out and discuss in detail the lay statement from plaintiff's niece submitted in the third party report does not mean that the ALJ did not consider same. Furthermore, the ALJ is not required to itemize and discuss every item of evidence in the record. *See Thacker v. Commissioner of Social Security*, 99 F.App'x 661, 665, 2004 WL 1153680 (6th Cir. 2004) (unpublished disposition); *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989) (the ALJ need not cite to every piece of evidence in the record); *Dunlap v. Barnhart*, No. 03-2514-MAV, 2004 WL 784837, at *10 (W.D. Tenn. March 15, 2004) ("While testimony and

5

statements of lay witnesses must be considered, an ALJ does not have to discuss every piece of evidence presented so long as the record is developed fully and fairly") (unpublished disposition).

Furthermore, the regulation at issue, 20 CFR § 416.913(d)(4), does not require the ALJ to discuss statements from non-medical sources, such as the lay statement from plaintiff's niece. In addition, this regulation does not place any burden on the ALJ to articulate any discussion concerning the statements from non-medical sources. In fact, this regulation implies that the use of statements from non-medical sources for determining a claimant's capacity to work is discretionary. See 20 CFR § 416.913(d) ("we *may* also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work") (emphasis added).

Consequently, since the ALJ stated in her decision that she reviewed "all of the evidence of record," (Tr. 430), which would necessarily include the non-medical statement in question submitted by plaintiff's niece, Sabrina Hall, the Magistrate Judge concludes that plaintiff's claim that the ALJ erred by failing to discuss this statement in detail is without merit.

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #4] be **DENIED**, that the defendant's motion for summary judgment [DE #5] be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed,

474 U.S. 140 (1985); <u>Wright v. Holbrook</u>, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This __17th__ day of November, 2006.

_____
JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE