**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 06-76-JBC**

**SHIRLEY MOORE,**                                                                          **PLAINTIFF,**

**V.**                                  **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                  **DEFENDANT.**

* * * * * * * * * *

The plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain

judicial review of an administrative decision of the Commissioner of Social Security

denying her application for Disability Insurance Benefits ("DIB").  On cross-motions

for summary judgment (DE 4, DE 5), the court referred this action to United States

Magistrate Judge James B. Todd, who issued Proposed Findings of Fact and

Recommendation (DE 7), to which the plaintiff has filed objections (DE 8).

When the parties to an action submit such objections, the district court

reviews the record *de novo*.  28 U.S.C. § 636(b)(1)(C).

The court, having reviewed the record in light of the plaintiff's objections and

being otherwise sufficiently advised, will adopt the Magistrate Judge's Report and

Recommendation and affirm the Commissioner's decision.

### I. Factual Background

The plaintiff is a fifty-seven-year-old female who has a twelfth-grade

education and has past relevant work ("PRW") experience as a bartender and a

sales associate in a department store.  AR 430.  The plaintiff initially filed a DIB

application on August 18, 1998, alleging that she became disabled on November 8,

1996, as a result of fibromyalgia, inner ear problems, ulcers, mitral valve prolapse,

high blood pressure, and status-post right wrist fracture. *Id.* This application was

denied initially and on reconsideration. Following a hearing, Administrative Law

Judge ("ALJ") John M. Lawrence determined that the plaintiff was able to return to

her PRW and was therefore not disabled. AR 17-26. The plaintiff ultimately

appealed ALJ Lawrence's decision to this court. AR 429. On August 1, 2002, this

court remanded that action to the Commissioner for further consideration of the

plaintiff's PRW.

While her first action was pending, the plaintiff filed a second application for

DIB on November 3, 2000. AR 429. In this application, the plaintiff claimed she

became disabled on June 17, 2000, due to lower and middle back pain, neck pain,

chronic fatigue, stiff hands, and severe pain throughout her whole body. AR 430.

This claim was also denied initially and on reconsideration, and a hearing was held

before ALJ Judith Showalter on July 10, 2002. AR 429. Before ALJ Showalter

could decide that claim, the Commissioner received the August 1, 2002, order of

remand from this court concerning the plaintiff's first application. The Appeals

Council then ordered that the plaintiff's DIB applications be consolidated, and ALJ

Showalter held a second hearing on January 16, 2003. AR 446-48.

On February 25, 2003, ALJ Showalter issued a decision denying the

plaintiff's claim for DIB. AR 429-37. Specifically, the ALJ found that the plaintiff

had not engaged in substantial gainful activity since her alleged onset date and that, although her fibromyalgia and depression were severe impairments, they did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  AR 436-37.  The ALJ then determined that the plaintiff was unable to perform her PRW, but that she was able to perform a significant range of light work, with certain restrictions.  AR 437*.*  Thus, the ALJ concluded that the plaintiff did not suffer from a disability as defined by the Social Security Act.  *Id.* On March 8, 2006, the Appeals Council denied the plaintiff's request for review of the ALJ's decision.  AR 415-18.

**II. The Plaintiff's Objections to the Report and Recommendation**

The plaintiff objects to the Magistrate Judge's Report and Recommendation on the sole ground that the Magistrate Judge incorrectly found that the ALJ's statement that "she had reviewed all of the evidence in the record," AR 430, sufficiently complied with 20 C.F.R. § 404.1513(d)(4).  More specifically, the plaintiff asserts that the Magistrate Judge erred in finding that the ALJ's failure to explicitly discuss the third-party adult function report submitted by the plaintiff's niece, *see* AR 560-63, warranted reversal of the ALJ's determination.

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards.  *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson*

3

*v. Perales*, 402 U.S. 389 (1971)).  "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).   The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility.  *See id.*  Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

20 C.F.R. § 404.1513(d)(4) provides, "[i]n addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources . . . .  Other sources include, but are not limited to . . . [o]ther non-medical sources (for example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy)."  The plaintiff argues that § 404.1513(d)(4) required the ALJ to address her niece's third-party statement in the text of her opinion.  In support, the plaintiff cites *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983), for the proposition that "[p]erceptible weight must be given to lay testimony where . . . it is fully supported by the reports of the treating physicians."

The plaintiff, however, has presented no evidence that ALJ Showalter did not consider the statement by the plaintiff's niece.  As the Magistrate Judge noted

4

in his Report and Recommendation, the ALJ clearly stated that she had reviewed all of the evidence in the record; she also noted that she made her findings "[a]fter careful consideration of the entire record."  AR 436.  The fact that the ALJ did not discuss the third-party statement in detail does not mean that she failed to consider it.  Further, an ALJ need not discuss every piece of evidence in the record for her decision to stand.  *Thacker v. Comm'r of Soc. Sec.*, 99 Fed. Appx. 661, 665 (6th Cir. 2004); *see also Dunlap v. Barnhart,* No. 03-2514-MAV, 2004 WL 784837, at *10 (W.D. Tenn. March 15, 2004).[1]  The plaintiff's claim that the ALJ was required to explicitly refer to her niece's statement is therefore erroneous.[2]

 As the ALJ stated in her opinion that she had reviewed "all of the evidence of record," and the plaintiff has presented no evidence to rebut that assertion, the

---

[1]The plaintiff argues that *Dunlap* is distinguishable on the grounds that the argument in that case involved 20 C.F.R. § 404.1513(e)(2), not § 404.1513(d)(4). While this is correct, the situation involved in *Dunlap* and its resolution by the court are virtually indistinguishable from the present case.  Thus, the court finds no merit in the plaintiff's distinction.

The plaintiff also notes that both *Dunlap* and *Thacker* were unpublished opinions.  *Dunlap*, however, relied on *Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1998), in which the Sixth Circuit held that the Commissioner did not err in failing to "spell out" the weight she accorded to lay witness testimony.  While the plaintiff argues in her motion for summary judgment that *Higgs* predates the revisions to § 404.1513(d)(4) in 2000, she does not explain how those revisions affected *Higgs* and does not present any evidence that the Sixth Circuit would decide the issue differently today.  Indeed, *Dunlap* and *Thacker*, though unpublished opinions, suggest that the Sixth Circuit would reach the same result that it did in *Higgs*.

[2]Moreover, as the Magistrate Judge correctly found, § 404.1513(d)(4) does not require the ALJ to discuss every non-medical statement in the record.  The use of the word "may" in that section even suggests that the consideration of such statements is discretionary.

court finds that the ALJ's decision was supported by substantial evidence.

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation (DE 7) is **AFFIRMED** and is **ADOPTED** as this court's opinion with the revisions discussed above.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 5) is **GRANTED**.

_____  Signed on January 20, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY